UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| PAUL GUNDERSON, | NO. 14cv223 PJS/JJG |
| Plaintiff, | |
| v. | **COMPLAINT** |
| | **JURY TRIAL DEMANDED** |
| BNSF RAILWAY COMPANY, | |
| Defendant. | |

Paul Gunderson, for his causes of action against BNSF Railway Company, a corporation, for violations of the Federal Rail Safety Act, 49 U.S.C. 20109, states and alleges as follows:

1. This is an action for damages brought pursuant to the Whistleblower provisions of the Federal Rail Safety Act, 49 U.S.C. § 20109, commonly referred to as the FRSA. The FRSA claim is a result of repeated harassment of the Plaintiff, culminating in his dismissal from the railroad, stemming, in whole or in part, from Plaintiff's protected activities under the FRSA.

2. Plaintiff Paul Gunderson is and was at all material times a resident of Kandiyohi County, Minnesota.

3. Defendant BNSF Railway Company is and was at all material times a Delaware corporation operating in and through the State of Minnesota.

4. This Court has jurisdiction over this matter under the FRSA, specifically 49 U.S.C. § 20109 (d)(3). The Plaintiff resides in this District and many of the events related to the FRSA allegations took place in this District, and the Defendant operates a line of railroad in this District.



5. On November 25, 2009, Plaintiff filed a FRSA Complaint with the Secretary of Labor's Region 5 OSHA Whistleblower Office. That was within 180 days from the date the plaintiff became aware of the defendant BNSF Railway Company's intent to take adverse or unfavorable personnel action against him.

6. Pursuant to Section (d)(3) of the FRSA, the plaintiff has a statutory right to bring an original action in a United States district court for a jury trial regarding the BNSF Railway Company's violations of the FRSA, 49 U.S.C. § 20109 (d)(3). On January 22, 2014, the plaintiff filed with the Administrative Law Judge a Notice of Intent to File Original Action.

7. Pursuant to FRSA 49 U.S.C. § 20109(d)(3), the plaintiff now is bringing this action for de novo trial by the United States District Court of the District of Minnesota, which Court has jurisdiction over this FRSA action without regard to the amount in controversy.

8. On November 25, 2009, Plaintiff filed a Complaint with the Federal Occupational Safety & Health Administration under the FRSA. More than 210 days have passed since the Complaint was made and no final decision has been made. Under 49 U.S.C. § 20109 (d)(3), Plaintiff is exercising his right to bring this action in this Court.

9. During the course of his employment with the Defendant, Plaintiff engaged in numerous protected activities under the FRSA. These include, but are not limited to, the following:
    a. Reporting violations of Federal Railroad Administration Air Brake Testing Regulations to BNSF Management and to the FRA;
    b. Reporting his personal injury of September 11, 2008 to Defendant's management;
    c. Reporting numerous safety violations and related issues in the Willmar Yard in employee work areas to Defendant's management;
    d. Reporting unsafe debris in the Willmar Yard to Defendant's management;

      e.    Reporting unsafe vegetation overgrowth, a violation of Federal Railroad Administration regulations, to Defendant's management; and,

      f.    Reporting unsafe holes created by standing locomotives in employee work areas to Defendant's management.

10. In whole or in part as a result of Plaintiff's protected activities, he was wrongfully dismissed from his job by the Defendant on June 3, 2009, has lost wages and benefits, has endured mental anguish, and has suffered other damages.

WHEREFORE, in order to encourage employees to freely report all injuries without fear of any retaliation, thereby ensuring the Federal Rail Administration has the necessary information to develop and administer an effective rail safety regulatory program that promotes safety in every area of our nation's railroad operations, the plaintiff demand a Judgment under the FRSA for all relief necessary to make him whole, including but not limited to:

    A.    Expungement of all references to disciplinary action related to Paul Gunderson;

    B.    Awarding damages to Plaintiff against the Defendant in excess of $75,000.00 including, but not limited to, compensatory, presumed, and punitive damages;

    C.    Ordering that Defendant return Plaintiff to his former position with his seniority and benefits unimpaired;

    D.    Awarding interest, costs and disbursements in this action to the Plaintiff;

    E.    Awarding reasonable attorney's fees to the Plaintiff; and

    F.    Providing such other and further relief as is fair, just and equitable.

**JURY TRIAL DEMANDED.**

                                        Respectfully submitted,

                                        **BREMSETH LAW FIRM, P.C.**

Dated:  January 22, 2014

                                        Fredric A. Bremseth
                                        Christopher J. Moreland
                                        601 Carlson Parkway, Suite 995
                                        Minnetonka, Minnesota 55305
                                        Telephone:  (952) 475 2800
                                        Facsimile:  (952) 475-3879
                                        fbremseth@bremseth.com
                                        cmoreland@bremseth.com

                                        **ATTORNEYS FOR PLAINTIFF**