UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| PAUL GUNDERSON, | Case No. 14-CV-0223 (PJS/JJG) |
| Plaintiff, | |
| v. | ORDER |
| BNSF RAILWAY COMPANY, | |
| Defendant. | |

Fredric A. Bremseth and Christopher J. Moreland, BREMSETH LAW FIRM, P.C., for plaintiff.

Sally J. Ferguson and Lee A. Miller, ARTHUR CHAPMAN KETTERING SMETAK & PIKALA, P.A.; Jacqueline M. Holmes and Joanne R. Bush, JONES DAY, for defendant.

Plaintiff Paul Gunderson is a former employee of defendant BNSF Railway Company ("BNSF").  Gunderson brings this action under the whistleblower provision of the Federal Rail Safety Act ("FRSA"), 49 U.S.C. § 20109, alleging that he was harassed and terminated from his job in retaliation for reporting safety violations and filing a personal-injury report.  BNSF moves to dismiss this action on the ground that Gunderson has waived his right to bring it.  For the reasons stated below, the Court denies BNSF's motion.

I.  BACKGROUND

*A.  The Administrative Process*

Section 20109 prohibits rail carriers from retaliating against employees for various types of protected conduct, including reporting a safety violation and notifying the carrier of a work-related injury.  An employee who believes that his employer has violated § 20109 may file a complaint with the Secretary of Labor ("Secretary") within 180 days of the violation.  49 U.S.C. § 20109(d)(1), (2).

The administrative process involves multiple levels of review.  Initially, the Secretary undertakes an investigation and issues a written finding as to whether there is reasonable cause to believe that the employer violated § 20109.  29 C.F.R. §§ 1982.104-105.  A party may obtain review of the Secretary's finding by filing an objection.  29 C.F.R. § 1982.106.  An administrative law judge ("ALJ") then conducts a hearing and issues findings of fact and conclusions of law.  29 C.F.R. §§ 1982.107, 1982.109.  The parties may petition for review of the ALJ's decision before the Administrative Review Board ("ARB").  29 C.F.R. § 1982.110(a).  If neither party petitions for review — or if the ARB declines to accept the petition — then the ALJ's decision becomes the final order of the Secretary.  29 C.F.R. § 1982.110(a), (b).  Finally, the parties may appeal the Secretary's final order to the United States Court of Appeals for the circuit in which the violation allegedly occurred.  49 U.S.C. § 20109(d)(4); 29 C.F.R. § 1982.112.

Under certain circumstances, however, employees have the right to abandon the administrative process and file an original action in federal district court.  In particular, if the Secretary fails to issue a final decision within 210 days after the administrative complaint was filed, and if the delay was not due to bad faith on the employee's part, then the employee may bring an original action for de novo review in federal district court.  49 U.S.C. § 20109(d)(3).

### B. Gunderson's Administrative Proceedings

After BNSF terminated Gunderson, he filed a timely § 20109 complaint with the Secretary.  Compl. ¶ 5.  About nine months later, the Secretary found that there was no reasonable cause to believe that BNSF had violated § 20109.  Bush Decl. Ex. 1.

Gunderson filed an objection and sought a hearing before the ALJ. Bush Decl. Ex. 2. The ALJ scheduled a period of discovery and an evidentiary hearing.[1] Bush Decl. Ex. 3. The record is not clear concerning how long the hearing lasted, but it spanned at least four days and possibly seven. Bush Decl. Ex. 4. During the hearing, the ALJ heard testimony from witnesses and admitted various exhibits into evidence. *See generally* Bush Decl. Ex. 5.

Following the hearing, the ALJ issued a 14-page opinion concluding that BNSF terminated Gunderson for threatening and harassing a fellow employee rather than in retaliation for protected conduct. Bush Decl. Ex. 5. Gunderson had ten business days to file a petition for review before the ARB. 29 C.F.R. § 1982.110(a), (b). On the eighth business day after the ALJ's decision, Gunderson filed a "Notice of Intent to File Original Action" before the ALJ. Compl. ¶ 6. He filed this action the next day.[2] ECF No. 1. The record does not reflect whether Gunderson also filed a petition for review of the ALJ's decision before the ARB.

## II. ANALYSIS

### A. *Standard of Review*

In reviewing a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the

---

[1]The ALJ also consolidated Gunderson's proceeding with that of another former BNSF employee. Bush Decl. Ex. 3, 4.

[2]The Department of Labor's regulations require a complainant to notify the Secretary at least 15 days before filing a complaint in federal court. 29 C.F.R. § 1982.114(b). The Court agrees with other courts, however, that an employee's failure to give the 15 days' notice does not deprive the court of jurisdiction. *See Pfeifer v. Union Pac. R.R.*, No. 12-2485, 2013 WL 1367054, at *3-5 (D. Kan. Apr. 3, 2013); *Austerman v. Behne, Inc.*, No. 10-4502, 2011 WL 1598419, at *3 (D. Minn.), *adopted*, 2011 WL 1598377 (D. Minn. Apr. 28, 2011); *Lebron v. Am. Int'l Grp., Inc.*, No. 09-4285, 2009 WL 3364039, at *4 (S.D.N.Y. Oct. 19, 2009).

plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Ordinarily, if the parties present, and the court considers, matters outside of the pleadings, the motion must be treated as a motion for summary judgment. Fed. R. Civ. P. 12(d). But the court may consider materials that are necessarily embraced by the complaint, as well as any exhibits attached to the complaint, without converting the motion into one for summary judgment. *Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 697 n.4 (8th Cir. 2003).

BNSF submitted materials outside of the complaint — namely, a declaration attaching portions of the administrative record. Neither side has objected to the Court's consideration of these materials. It appears to the Court, however, that at least some of these materials are not necessarily embraced by the complaint, and that it is therefore necessary for the Court to treat BNSF's motion as one for summary judgment. Although the Court did not give the parties notice of its intent to convert BNSF's motion into one for summary judgment, neither side has been prejudiced, as the relevant facts are undisputed, BNSF's motion presents a question of law, and Gunderson has had a full opportunity to respond to BNSF's submissions. *See Ashanti v. City of Golden Valley*, 666 F.3d 1148, 1151 (8th Cir. 2012) ("Any lack of formal notice by the district court that it would convert the motion to one for summary judgment was harmless considering Ashanti's adequate opportunity to respond to Golden Valley's motion and the lack of any showing that any material facts were disputed or missing from the record.").

### B. Waiver

There is no dispute that the Secretary did not issue a final decision within 210 days of the filing of Gunderson's administrative complaint. There is also no dispute that the delay was not

due to any bad faith on Gunderson's part. Under the plain language of § 20109(d)(3), then, Gunderson has a right to bring an action in federal district court.

BNSF argues, however, that although Gunderson *acquired* the right to file a federal lawsuit on the 211th day, he thereafter *waived* that right by continuing to participate in the administrative process. As BNSF points out, courts hold in a variety of situations that a party can waive its right to litigate in a particular forum by pursuing litigation in an alternative forum. *See, e.g.*, *McGraw-Edison Co. v. Van Pelt*, 350 F.2d 361, 363-64 (8th Cir. 1965) (per curiam) (denial of motions to transfer venue was not an abuse of discretion where the motions were not made until after five months of extensive litigation); *Yusefzadeh v. Nelson, Mullins, Riley & Scarborough, LLP*, 365 F.3d 1244, 1246 (11th Cir. 2004) (a defendant may waive the right to remove a case to federal court by litigating in state court before filing a notice of removal).

The Court has a great deal of sympathy for BNSF's argument. It is indeed extremely wasteful to permit a plaintiff to do what Gunderson has done — that is, to pursue an administrative process almost to its conclusion (a process that in this case included discovery, a lengthy evidentiary hearing, and a detailed written order) and then start all over again in federal court. But based on the plain language of § 20109(d)(3) and the weight of the case law interpreting that provision, the Court has no choice but to hold that Gunderson did not waive his right to bring this lawsuit.[3]

---

[3]Section 20109 is far from unique in providing for de novo review in district court if the Secretary fails to issue a final administrative order within a specified period. *See, e.g.*, 18 U.S.C. § 1514A(b) (whistleblower protection for employees of companies subject to the Sarbanes-Oxley Act); 49 U.S.C. § 31105(c) (whistleblower protection for commercial motor-vehicle employees); 42 U.S.C. § 5851(b)(4) (whistleblower protection for nuclear-industry employees); 49 U.S.C. § 30171(b)(3)(E) (whistleblower protection for automobile-manufacturing employees); 6 U.S.C.
(continued...)

So far as the Court can discover, every court to have addressed the matter has held that the plain statutory language gives employees the right to seek de novo review in federal court.

> A natural result of the aggressive timeframe is that efforts will be duplicated when the DOL engages in a thorough, yet administratively non-"final", process that fails to resolve the administrative case within the prescribed timeframe. Neither the Secretary nor the courts have the authority to engage in creative interpretation of the statute to avoid duplication of efforts, even if the goal for doing so is laudable.

*Stone v. Instrumentation Lab. Co.*, 591 F.3d 239, 248 (4th Cir. 2009).[4]

---

[3](...continued)
§ 1142(c)(7) (whistleblower protection for public-transit employees); 12 U.S.C. § 5567(c)(4)(D) (whistleblower protection for consumer-finance employees); 15 U.S.C. § 2087(b)(4) (whistleblower protection for consumer-products employees); 21 U.S.C. § 399d(b)(4) (whistleblower protection for employees in food and drug industries). In its analysis, the Court relies on cases arising under these statutes as well as cases arising under § 20109.

[4]*See also Candler v. URS Corp.*, No. 13-1306, 2013 WL 5353433, at *6 (N.D. Tex. Sept. 25, 2013) ("Allowing Candler to exercise her statutory right to *de novo* review in federal court after completing two levels of administrative review is not — based on the bulk of case authority — the sort of result that is 'so bizarre that Congress could not have intended it.' *Johnson*, 120 F.3d at 1319. Indeed, a review of the statute's surrounding provisions suggests that Congress reasonably could have contemplated this very outcome in some instances."); *Wong v. CKX, Inc.*, 890 F. Supp. 2d 411, 419-20 (S.D.N.Y. Sept. 10, 2012) ("CKX argues that notwithstanding the language of the statute, a plaintiff should not be able to file an action for de novo review in federal court when the administrative process is sufficiently far advanced because that procedure is a potential waste of federal court and DOL resources. The short and definitive answer to this argument is that it is not a basis to ignore the plain wording of the statute."); *Austerman v. Behne, Inc.*, No. 10-4502, 2011 WL 1598419, at *4 (D. Minn.) ("Section 31105 does not bar district court jurisdiction following an ALJ hearing. Congress could have inserted such a provision to prevent a 'second bite at the apple,' but did not."), *adopted*, 2011 WL 1598377 (D. Minn. Apr. 28, 2011); *Lawson v. FMR LLC*, 724 F. Supp. 2d 141, 151 (D. Mass. 2010) ("To be sure, this may lead to duplication of factfinding by the DOL and the federal courts, but that repetition was clearly contemplated as possible by the statute's general provision for 'de novo review.'"), *rev'd on other grounds*, 670 F.3d 61 (1st Cir. 2012), *rev'd*, 134 S. Ct. 1158 (2014).

Admittedly, none of these cases involved the precise argument that BNSF raises here — namely, that Gunderson waived his right to file a lawsuit by participating in the administrative process long after he could have filed suit in federal court.  Regardless of the way the parties framed the issue, however, courts have repeatedly and unanimously rejected the idea that Congress did not intend for litigants to be able to file a lawsuit even after obtaining a merits decision from an ALJ.  BNSF complains that "few employees have been as brazen as Gunderson in their efforts to have their cake and eat it too."  ECF No. 19 at 8.  But "brazen" employees have been more common than BNSF imagines, and the timing of Gunderson's lawsuit does not appear particularly unusual.[5]  At the very least, given how frequently employees invoke their right to a federal lawsuit after participating in multiple levels of administrative review, the Court cannot say that Gunderson intentionally abandoned a known right when he continued to participate in the administrative process.  *See United States v. Olano*, 507 U.S. 725, 733 (1993) (waiver is the "intentional relinquishment or abandonment of a known right" (citation and quotations omitted)).

---

[5]*See Stone*, 591 F.3d at 241-42 (employee filed lawsuit after appealing ALJ's adverse decision to ARB); *Rzepiennik v. Archstone-Smith, Inc.*, 331 Fed. Appx. 584, 586 (10th Cir. 2009) (same); *Mullen v. Norfolk S. Rwy.*, No. 13-6348, 2014 WL 1370119, at *1 (E.D. Pa. Apr. 8, 2014) (same); *Jordan v. Sprint Nextel Corp.*, No. 12-2573, 2014 WL 941824, at *4-5 (D. Kan. Mar. 11, 2014) (same); *Candler*, 2013 WL 5353433, at *1-2 (same); *Pfeifer v. Union Pac. R.R.*, No. 12-2485, 2013 WL 1367054, at *2-3 (D. Kan. Apr. 3, 2013) (same); *Austerman*, 2011 WL 1598419, at *1 (same); *Lawson*, 724 F. Supp. 2d at 147-48 (same); *O'Mahoney v. Accenture Ltd.*, 537 F. Supp. 2d 506, 508-09 (S.D.N.Y. 2008) (same); *see also Lynch v. Union Pac. R.R.*, No. 13-2701, 2014 WL 2519206, at *1 (N.D. Tex. June 4, 2014) (employee filed lawsuit after participating in lengthy evidentiary hearing and assuring ALJ that he would not file a lawsuit); *Wong*, 890 F. Supp. 2d at 416-17 (employee filed lawsuit after participating in three-day evidentiary hearing before ALJ).

In addition to the unanimous weight of the case law, the Department of Labor's regulations also indicate that an employee can invoke his right to file a lawsuit at any time before the Secretary has issued a final decision. Specifically, the regulations require a litigant who intends to file a lawsuit to give notice to "the Assistant Secretary, the ALJ, *or the ARB,* depending upon where the proceeding is pending . . . ." 29 C.F.R. § 1982.114(b) (emphasis added). The regulation thus contemplates that a complainant can invoke his right to file in federal court while his appeal is pending before the ARB, which is the final step in the administrative process.

True, the regulation may merely be accounting for the possibility that the administrative process could advance as far as the ARB before the employee acquires the right to file a federal lawsuit on the 211th day. But that circumstance only underscores that Congress must have contemplated that employees will (at least in some instances) have the right to bring a duplicative federal lawsuit even after extensive administrative proceedings. In short, the fact that the administrative process advanced through two levels of review in this case before Gunderson decided to file his lawsuit does not persuade the Court that Gunderson waived his right to do so.

To the extent that BNSF is complaining simply about the length of time during which Gunderson could have (but did not) file a lawsuit, BNSF can take some comfort in the fact that an employee's ability to file such a lawsuit does not last indefinitely. A final order of the Secretary is not reviewable in any proceeding other than in a direct appeal to the appropriate court of appeals. 49 U.S.C. § 42121(b)(4)(B); *see* 49 U.S.C. § 20109(d)(2)(A) (administrative procedures under § 20109 "shall be governed under the rules and procedures set forth in section

42121(b)"). Consequently, courts have held that, by virtue of § 42121(b)(4)(B), a final decision of the Secretary has preclusive effect in subsequent federal lawsuits.[6]  *Groncki v. AT&T Mobility LLC*, 640 F. Supp. 2d 50, 52-55 (D.D.C. 2009) (Secretary's final decision had preclusive effect in later Sarbanes-Oxley whistleblower suit even though Secretary had failed to issue final decision within applicable time limit); *Lebron v. Am. Int'l Group, Inc.*, No. 09-4285, 2009 WL 3364039, at *5-6 (S.D.N.Y. Oct. 19, 2009) ("[S]ection 42121(b)'s prohibition on judicial review of final orders must be read as a limit on Congress's grant of jurisdiction to the district courts under section 1514A. . . . If the complainant, like Lebron, takes no action within thirty days, the preliminary order becomes final and the district court no longer has jurisdiction to review the claims *de novo*."); *cf. Tice v. Bristol-Myers Squibb Co.*, 325 Fed. Appx. 114, 120-23 (3d Cir. 2009) (2-1 decision) (because § 42121(b)(4)(B) prohibits collateral attack on a final administrative ruling, that ruling had preclusive effect in subsequent Title VII and ADEA suit).

In sum, although BNSF's argument has a great deal of appeal, and although Gunderson has wasted a great deal of scarce resources, the Court is constrained to hold that Gunderson has not waived his statutory right to file this action.  As many courts have found, Congress must have been aware of the potential for duplicative proceedings, but nevertheless chose to give employees the right to bring a federal lawsuit whenever the Secretary has failed to issue a final decision within the required period.  The Court is obligated to enforce the decisions of Congress, whether or not the Court agrees with them.  BNSF's motion is therefore denied.

---

[6]The Court also notes that the four-year statute of limitations in 28 U.S.C. § 1658 may apply.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT defendant's motion to dismiss (which the Court treats as a motion for summary judgment) [ECF No. 9] is DENIED.

Dated: June 30, 2014   s/Patrick J. Schiltz
Patrick J. Schiltz
United States District Judge