UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| PAUL GUNDERSON, | Case No. 14-CV-0223 (PJS/JJG) |
| Plaintiff, | |
| v. | ORDER |
| BNSF RAILWAY COMPANY, | |
| Defendant. | |

Christopher J. Moreland and Fredric A. Bremseth, BREMSETH LAW FIRM, P.C., for plaintiff.

Sally J. Ferguson and Lee A. Miller, ARTHUR CHAPMAN KETTERING SMETAK & PIKALA, P.A.; Jacqueline M. Holmes and Joanne R. Bush, JONES DAY, for defendant.

Plaintiff Paul Gunderson is a former employee of defendant BNSF Railway Company ("BNSF"). Gunderson brings this action under the whistleblower provision of the Federal Rail Safety Act ("FRSA"), 49 U.S.C. § 20109, alleging that he was harassed and terminated from his job in retaliation for reporting safety violations and filing a personal-injury report. BNSF moved to dismiss this action on the ground that Gunderson waived his right to bring it by continuing to pursue the administrative process even after he acquired the right to file a civil action. The Court denied that motion, and BNSF now moves the Court to certify its order for interlocutory appeal under 28 U.S.C. § 1292(b).

"Permission to allow interlocutory appeals should . . . be granted sparingly and with discrimination." *Union Cnty., Iowa v. Piper Jaffray & Co.*, 525 F.3d 643, 646 (8th Cir. 2008) (citation and quotations omitted). To certify an interlocutory appeal under § 1292(b), the Court must find, among other things, that its order "involves a controlling question of law as to which there is substantial ground for difference of opinion . . . ."

Although the Court remains sympathetic to BNSF's predicament, the Court does not believe that this case meets this high standard. No court has ever agreed with BNSF that continuing to pursue the administrative process after acquiring the right to file a civil action under § 20109(d)(3) results in a waiver of that right. To the contrary, as the Court noted in its opinion, it appears to be rather commonplace for a plaintiff to file a civil case after pursuing the administrative process almost to its conclusion. Moreover, the Court is hard-pressed to explain how Gunderson could have intentionally waived a known right when not a single judicial opinion gave him reasonable notice that his conduct would result in such a waiver. Finally, this is a garden-variety employment case that does not warrant the extraordinary relief of an interlocutory appeal. It is true that it is possible — although, in the Court's view, unlikely — that an immediate appeal will terminate this litigation. But the parties have already engaged in discovery and an evidentiary hearing, and thus should not have much left to do to prepare this case for trial.

For these reasons, the Court denies BNSF's motion.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT defendant's motion to certify for interlocutory appeal [ECF No. 24] is DENIED.

Dated: July 28, 2014         s/Patrick J. Schiltz
                             Patrick J. Schiltz
                             United States District Judge